UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN MOORE,

    Petitioner,

v.                                                 Case No. 04-C-1235

LARRY JENKINGS, Warden,

    Respondent.

**ORDER DENYING MOTION TO EXPAND RECORD, ORDER DENYING MOTION TO AMEND PETITION, AND ORDER STAYING PROCEEDINGS UNTIL PETITIONER HAS EXHAUSTED STATE COURT REMEDIES**

        On December 27, 2004, the petitioner, Alvin Moore ("Moore"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the attachments thereto, Moore was convicted on August 21, 2002, in the Milwaukee County Circuit Court of physical abuse of a child in violation of Wis. Stat. § 948.03(2)(b), and battery in violation of Wis. Stat. § 940.19(1). He was sentenced to serve nine months in prison on the battery count and three years in prison and three years of extended supervision on the physical abuse of a child count.

        Moore appealed his conviction to the Wisconsin Court of Appeals. On June 1, 2004, his conviction was affirmed by that court. On August 2, 2004, the Wisconsin Supreme Court denied Moore's petition for review.

        Currently pending before the court are the petitioner's motion to expand the record and the petitioner's motion to amend his petition "to include the claim that he was denied the effective assistance of trial counsel." (Pet'r's Motion at 1.)

The petitioner's motion to expand the record will be denied without prejudice. The petitioner's motion to amend his petition will also be denied without prejudice. Moreover, further proceedings on this habeas petition will be stayed until the petitioner exhausts his currently pending post-trial proceedings in Wisconsin state court.

In his response to Moore's motion to amend his petition, the respondent correctly notes that Moore has represented that a claim challenging his conviction is being "pursued by current appellate counsel in the Wisconsin Court of Appeals." (Pet'r's Motion at 1.) In his reply (erroneously captioned a "Response"), Moore asserts that

> Moore's same appellate counsel that filed the no-merit brief (Res. Ans. Ex. "D") concerning the Miranda issues in the instant case, has subsequently filed an appeal (Wis. Ct. App. Case No. 2004AP3227 CR) that specifically relate to a claim that charges were multiplicitous, and that trial counsel was ineffective for failing to object to the multiplicitous allegations at trial.

(Reply at 1-2.) In that same Reply Moore states that he

> will make an AFFIRMATIVE CONTENTION that he is not, and will not ever raise any of these claims to the Federal Courts. These claims have no relevance to the underlying claim concerning the Miranda violation, and all of these claims have been completely exhausted in the state courts. Further, even if the Wisconsin Court of Appeals rules in favor of Mr. Moore in those claims, nonetheless, Moore will still be restrained of his liberty in violation of the Constitution for the United States based upon the claims pending in the instant case.

(Reply at 2.) The problem with the position that Moore has taken is that the provisions of 28 U.S.C. § 2254(b)(1) read, in pertinent part, as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State . . . .

Simply stated, by the petitioner's own admission, he is still seeking relief in the state courts

relating to his state court conviction. Whether he will be successful in his effort to obtain state court relief remains to be seen. Nevertheless, until he has competed his efforts to seek relief in the state courts stemming from his state court conviction, this court will not address any of the claims set forth in the petitioner's habeas corpus petition (or the ineffective assistance of counsel claim which he seeks to include in his petition by way of the motion to amend his petition).

**NOW THEREFORE IT IS ORDERED** that the petitioner's motion to expand the record be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the petitioner's motion to amend his petition be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that further action on Moore's federal habeas corpus petition be and hereby is **STAYED** pending further order of the court;

**IT IS FURTHER ORDERED** that, once he has completed his efforts to seek relief in the state courts on his currently pending claim that the charges against him were multiplicitous, Moore is to advise this court and counsel for the respondent in writing that he has done so; at that time, the stay will be lifted and the petitioner may renew, if he wishes, his motion to amend his petition.

**SO ORDERED** this 31st day of May 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge