UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN MOORE,

       Petitioner,

       v.                                        Case No. 04-C-1235

LARRY JENKINS, Warden,

       Respondent.

**ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION AND SETTING NEW BRIEFING SCHEDULE**

On December 27, 2004, the petitioner, Alvin Moore ("Moore"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the attachments thereto, Moore was convicted on August 21, 2002, in the Milwaukee County Circuit Court of physical abuse of a child in violation of Wis. Stat. § 948.03(2)(b), and battery in violation of Wis. Stat. § 940.19(1). He was sentenced to serve nine months in prison on the battery count and three years in prison and three years of extended supervision on the physical abuse of a child count. Moore appealed his conviction to the Wisconsin Court of Appeals. On June 1, 2004, his conviction was affirmed by that court. On August 2, 2004, the Wisconsin Supreme Court denied Moore's petition for review.

On April 29, 2005, Moore filed a motion to amend his petition for a writ of habeas corpus to include a claim that he was denied the effective assistance of trial counsel. Thereafter, on May 16, 2005, in accordance with the court's briefing schedule, Moore filed his brief in support of his petition. On May 31, 2005, the court denied without prejudice Moore's motion to amend his petition, and ordered that further action on Moore's federal habeas corpus petition be stayed until

Moore completed his efforts to seek relief in the state courts stemming from his state court conviction. In its February 24, 2006 order, closing this action for statistical purposes, the court indicated that Moore may reopen this action by notifying the court and counsel for the respondent in writing that he has exhausted his state remedies.

On June 22, 2006, Moore filed a letter with the court indicating that he had exhausted his state court remedies and requesting that the court re-open this action. Thereafter, on July 10, 2006, the court re-opened this action and ordered that, if Moore intended to renew his motion to amend his petition, he file a renewed motion to amend his petition on or before July 24, 2006. Moore did indeed file a renewed motion to amend his petition on July 24, 2006, and Moore's renewed motion to amend his petition has now been fully briefed. For all of the following reasons, Moore's motion to amend his petition will be granted.

As previously stated, on April 29, 2005, Moore filed a motion to amend his petition for a writ of habeas corpus to include a claim that he was denied the effective assistance of counsel. In his motion, Moore indicated that his claim that he was denied the effective assistance of trial counsel had been exhausted in the state courts and was being further pursued by current appellate counsel in the Wisconsin Court of Appeals. Based upon the fact that Moore was still pursuing relief in the state courts, on May 31, 2005, the court ordered that this action be stayed until Moore completed his efforts to seek relief in the state courts stemming from his state court conviction. The claims that Moore referenced in his April 29, 2005 motion, and which now appear to be exhausted, include, *inter alia*, a claim that the charges against Moore in a related case for intimidation of witnesses, which was joined with his charges for battery and child abuse for trial, were multiplicitous, and that his trial counsel was ineffective for failing to raise the issue of multiplicity at trial.

2

However, in Moore's reply brief in support of his original motion to amend, filed on May 25, 2005, Moore makes "an AFFIRMATIVE CONTENTION that he is not, and will not ever raise [any of the claims currently pending in state court] to the Federal Courts."[1] (Pet'r's Reply Br. to Pet'r's Mot. to Am. at 2.) Furthermore, in Moore's reply brief in support of his renewed motion to amend his petition, filed on August 2, 2006, Moore again states that he "is not attempting to raise an ineffective trial counsel claim for trial counsel's failure to object to multiplicitous charges, and is not presenting that claim to the federal court." (Pet'r's Reply Br. to Pet'r's Renewed Mot. to Am. at 7.) Thus, it appears as though Moore does not want to amend his petition for a writ of habeas corpus to include the claim that his trial counsel was ineffective for failing to object to the allegedly multiplicitous charges. Rather, it appears as though Moore wants to amend his petition to include a claim that his trial counsel was ineffective for his failure to "vigorously challenge the admission of Moore's [inculpatory] statements to the police." (Answer, Ex. B at 2; Answer, Ex. E at 25-57.)

The Supreme Court has recently held that, "[t]he Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15 [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11." *Mayle v. Felix*, 125 S. Ct. 2562, 2569 (2005). Federal Rule of Civil Procedure 15(a) provides that a party has the right to amend its "pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." F.R.C.P. 15(a). Moreover, "leave [to amend] shall be freely given when justice so requires." F.R.C.P. 15(a).

---

[1] Moore's reply brief was erroneously captioned "Petitioner's Response to Respondent's Response in Opposition to Petitioner's Motion to Amend Petition."

Although Moore's ineffective assistance of counsel claim based upon trial counsel's alleged failure to vigorously challenge the admission of Moore's inculpatory statements was available and known to Moore at the time he filed his original petition, I do not believe that Moore's motion to amend his petition is brought in bad faith or with a dilatory motive. Nor do I believe that the addition of Moore's ineffective assistance of counsel claim will unduly burden the respondent. Nor can I say with total certainty that Moore's ineffective assistance of counsel claim appears to be futile. This is because, at least based upon this court's review of the exhibits submitted with the respondent's answer, it appears as though Moore's ineffective assistance of counsel claim has been exhausted. Furthermore, although this case is now almost two years old, I cannot say that Moore's initial motion to amend, filed on April 29, 2005, was a result of "undue delay." Indeed, the respondent filed his answer on March 1, 2005, and Moore filed his motion to amend his petition shortly thereafter. Finally, the respondent appears to argue that Moore is somehow trying to circumvent AEDPA's one-year statute of limitations for habeas corpus petitions by filing a motion to amend. However, such is not the case.

To reiterate, on August 2, 2004, the Wisconsin Supreme Court denied Moore's petition for review. Accordingly, under 28 U.S.C. § 2244(d)(1)(A), Moore's state court judgment became final on November 2, 2004, i.e., the date on which, after direct review of his conviction was complete in Wisconsin courts, the time for Moore to file a petition for a writ of certiorari in the United States Supreme Court expired. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (holding that the ninety day period after a direct appeal during which a petition for writ of certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of determining when the statute of limitations begins to run). Such being the case, when Moore filed his initial

motion to amend his petition on April 29, 2005, AEDPA's one-year statute of limitations had not yet run. Furthermore, although the court will not do the precise calculations as to when the statute of limitations will run in this case, given the court's stay of proceedings from May 31, 2005 until July 10, 2006, it appears likely that AEDPA's one-year statute of limitations has yet to run in this case.

Thus, taking into account Rule 15(a)'s general policy of liberal amendment (incorporated into habeas corpus practice by Habeas Rule 11), and for all of the foregoing reasons, the court will grant the petitioner's motion to amend his petition to include the following claim: that his trial counsel was ineffective for failing to vigorously challenge the admission of Moore's inculpatory statements at trial. However, given that this case has been pending for almost two years, the court will not require Moore to file an actual amended petition for a writ of habeas corpus. Rather, the court will construe Moore's original petition to include an additional claim that his trial counsel was ineffective for failing to vigorously challenge the admission of Moore's inculpatory statements at trial. Furthermore, the court will set the following briefing schedule to govern the remainder of the briefing of this action.

Given that Moore has already filed a brief in support of his claims that his inculpatory statements were obtained in violation of *Miranda*, and were otherwise involuntary, the petitioner shall file a brief in support of, and addressing **only** his claim that his trial counsel was ineffective for failing to vigorously challenge the admission of Moore's inculpatory statements <u>on or before October 6, 2006</u>. The respondent shall file his response brief in opposition to **all** of Moore's claims <u>on or before November 21, 2006</u>. And, the petitioner shall file his reply brief in support of **all** of his claims, that is, (1) that his statements were obtained in violation of *Miranda*, (2) that his statements

5

were otherwise involuntary, and (3) that his trial counsel was ineffective for failing to vigorously challenge the admission of his inculpatory statement, on or before December 21, 2006.

**NOW THEREFORE IT IS ORDERED** that the petitioner's renewed motion to amend his petition be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the petitioner shall file a brief in support of, and addressing **only** his claim that his trial counsel was ineffective for failing to vigorously challenge the admission of Moore's inculpatory statements on or before October 6, 2006. The respondent shall file his response brief in opposition to **all** of Moore's claims on or before November 21, 2006. The petitioner shall file his reply brief in support of **all** of his claims, that is, (1) that his statements were obtained in violation of Miranda, (2) that his statements were otherwise involuntary, and (3) that his trial counsel was ineffective for failing to vigorously challenge the admission of his inculpatory statement, on or before December 21, 2006.

**SO ORDERED** this 7th day of September 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge