UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN MOORE,

    Petitioner,

    v.                    Case No. 04-C-1235

LARRY JENKINS,

    Respondent.

## ORDER DENYING PETITIONER'S MOTION TO EXPAND THE RECORD

On December 27, 2004, the petitioner, Alvin Moore ("Moore"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the attachments thereto, Moore was convicted on August 21, 2002, in the Milwaukee County Circuit Court of physical abuse of a child in violation of Wis. Stat. § 948.03(2)(b), and battery in violation of Wis. Stat. § 940.19(1). He was sentenced to serve nine months in prison on the battery count and three years in prison and three years of extended supervision on the physical abuse of a child count. Moore appealed his conviction to the Wisconsin Court of Appeals. On June 1, 2004, his conviction was affirmed by that court. On August 2, 2004, the Wisconsin Supreme Court denied Moore's petition for review.

On April 14, 2005, Moore filed a motion to expand the record. Thereafter, on April 29, 2005, Moore filed a motion to amend his petition for a writ of habeas corpus to include a claim that he was denied the effective assistance of trial counsel. On May 31, 2005, the court denied without prejudice Moore's motion to amend his petition and his motion to expand the record. The court also ordered that further action on Moore's federal habeas corpus petition be stayed until Moore completed his

efforts to seek relief in the state courts stemming from his state court conviction. On June 22, 2006, Moore filed a letter with the court indicating that he had exhausted his state court remedies and requesting that the court re-open this action. Thereafter, on July 10, 2006, the court re-opened this action, and on September 7, 2006, the court granted Moore's motion to amend his petition to include an ineffective assistance of counsel claim. In accordance with the briefing schedule, on October 4, 2006, Moore filed his brief in support of his ineffective assistance of counsel claim. Moore also filed a motion for reconsideration to expand the record on that same date.[1] On October 24, 2006, the respondent filed his response to Moore's motion to expand the record, and on November 3, 2006, Moore filed his reply brief in support of his motion to expand the record. Thus, Moore's motion to expand the record is fully briefed and ready for resolution. For all of the following reasons Moore's motion to expand the record will be denied.

In his October 4, 2006 motion to expand the record, Moore requests that the court expand the record to include (1) the transcript of the pretrial motion hearing held on June 4, 2002; (2) the transcript of the pretrial motion hearing held on July 25, 2002; (3) the transcript of the jury trial proceedings, specifically the transcript of the proceedings held on the morning of August 21, 2002; and (4) the 911 CAD Report.[2] Moore asserts that the inclusion of the transcripts and document is "significantly relevant to this Court's disposition of Moore's claim[s]." (Pet'r's Mot. at 2.) The

---

[1] Moore has captioned his motion as "Motion Reconsideration to Expand the Record." Given that the court denied Moore's first motion to expand the record without prejudice, Moore's motion is, more precisely, a renewed motion to expand the record. Such being the case, the court will refer to Moore's motion as a "Motion to Expand the Record," even though the motion was captioned (and docketed) as a Motion to Reconsider.

[2] The 911 CAD Report is already part of the record as it is part of the appendix attached to Moore's petition for a writ of habeas corpus, which was filed on December 27, 2004.

2

respondent asserts that Moore has not explained why these documents are relevant to his petition. The respondent further asserts that the record compiled so far, which includes the trial transcripts and the state court briefs and decisions, is more than sufficient to enable this court to resolve the constitutional claims presented. (Resp.'s Br. at 1.)

According to the briefing schedule set by the court, the respondent's brief in response to Moore's petition is due on or before November 21, 2006, and Moore's reply brief in support of his petition is due on or before December 21, 2006. Accordingly, because Moore's petition is not yet fully briefed, the court is not in a position to determine whether the inclusion of the aforementioned transcripts is both relevant and necessary to determine whether Moore is entitled to a writ of habeas corpus. Simply put, if after Moore's petition is fully briefed the court finds that the transcripts of the hearings held on June 4, 2002, July 25, 2002, and the morning of August 21, 2002, are both relevant and necessary for the court to decide whether Moore is entitled to a writ of habeas corpus, the court will order the respondent to transcribe those hearings (if they have not already been transcribed) and file such transcripts with the court. Finally, the court also notes that Moore may refer to any of the aforementioned hearings in his reply brief and/or file any parts of the transcripts of those hearings as attachments to his reply brief.

**NOW THEREFORE IT IS ORDERED** that Moore's Motion to Expand the Record (captioned "Motion for Reconsideration to Expand Record," dkt. #40) be and hereby is **DENIED**.

**SO ORDERED** this 9th day of November 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge